IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

VIVIAN PETERS,

    Plaintiff,

vs.                                                                                          Civil Action No.:

INDIAN PASS CATTLEMAN'S
ASSOCIATION, INC., a Florida corporation,
and SALT ROCK GRILL, INC., a Florida
corporation,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Vivian Peters, by and through her undersigned counsel and by way of Complaint against Defendants, Indian Pass Cattleman's Association, Inc. and Salt Rock Grill, Inc., allege as follows:

1. On July 12, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, establishing the most important civil rights law for people with disabilities in our country's history. Congress explicitly stated that among the purposes of the ADA are:

    A. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities,"

    B. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities," and

    C. "to provide the sweep of congressional authority, including the power to

enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b).

2. In passing the ADA, Congress identified some 43,000,000 Americans as having one or more disabilities. 42 U.S.C. § 12101(a)(1). Congress found that, historically, society tended to isolate and segregate individuals with disabilities, and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. 42 U.S.C. § 12101(a)(2).

3. Congress also found that discrimination against individuals with disabilities persists in such critical areas as housing, institutionalization, and access to public services. 42 U.S.C. § 12101(a)(3).

4. The ADA has a clear and comprehensive nationals mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. § 12101(b)(1)(2).

5. To further ensure a comprehensive and uniform federal law, the ADA preempts state and local laws unless those laws provide protection for the rights of individuals with disabilities which is greater than, or equal to, the protection afforded by the ADA. 42 U.S.C. § 12131-12134; 28 C.F.R. Part 35 § 35.101 *et seq*.

## JURISDICTION AND PARTIES

6. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. §§ 12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331, 1343.

7. Venue is proper in this Court, the Tampa Division, pursuant to 28 U.S.C. § 1391(b) and Rule 1.02, Local Rules of the United States District Court for the Middle District of Florida.

8. Plaintiff Vivian ("Ms. Peters") is a resident of Pinellas County, Florida, and is a qualified individual with disabilities under the ADA as she is mobility impaired and uses an electric scooter and a wheelchair.

9. Defendant Indian Pass Cattleman's Association, Inc. ("Indian Pass") is a Florida corporation doing business in the State of Florida with its principal place of business at 19325 Gulf Boulevard, Indian Shores, Florida 33785.

10. Defendant Indian Pass owns the real property upon which the "Salt Rock Grill" sits. The Salt Rock Grill is a restaurant and bar which is also located at 19325 Gulf Boulevard, Indian Shores, Florida 33785.

11. The Salt Rock Grill is a place of public accommodation which is covered under the ADA pursuant to 42 U.S.C. § 12181 (7) and 28 C.F.R. § 36.104.

12. Defendant Salt Rock Grill, Inc. is a Florida corporation doing business in the State of Florida with its principal place of business also at 19325 Gulf Boulevard, Indian Shores, Florida 33785.

13. Defendant Salt Rock Grill, Inc. is the owner and/or operator of the Salt Rock Grill.

14. All events giving rise to this lawsuit occurred in Pinellas County, Florida.

15. All conditions precedent to the filing of this suit have been satisfied or waived.

## FACTUAL ALLEGATIONS

16. The Salt Rock Grill is a restaurant which serves food and drink and is open to the general public.

17. Plaintiff, Ms. Peters, has visited the Salt Rock Grill on numerous occasions and has encountered difficulties in gaining full and equal access to the services, facilities and/or accommodations provided there because of the existence of architectural barriers.

18. Over the past three (3) years, Ms. Peters has visited the Salt Rock Grill in order to attempt to have a meal or a drink approximately once per year, with her last visit being approximately three (3) or four (4) months ago. She has refrained from visiting the Salt Rock Grill more frequently because each time that she has returned to the restaurant she has encountered the same significant architectural barriers that have impeded her access.

19. Ms. Peters has the present intention to return to the Salt Rock Grill as a patron in the immediate future. She intends to visit the Salt Rock Grill at least once per year to attempt to have a meal or a drink and also to check to see if any barriers to access have been removed. Ms. Peters expects to continue that pattern of visits until the Salt Rock Grill is modified to make the restaurant fully accessible. However, Ms. Peters desires to have the Salt Rock Grill brought into compliance with the ADA as soon as reasonably possible so that all architectural barriers to access are removed and any discriminatory practices or policies are appropriately eliminated or modified.

20. During the course of a given year, Ms. Peters is often in the vicinity of the Salt Rock Grill for art shows, festivals and other public and/or personal events/occasions and, but for the present lack of accessibility at the restaurant, she would visit the Salt Rock Grill as a patron

much more frequently.  Once the Salt Rock Grill is modified to remove all barriers to access, Ms. Peters anticipates that she will visit the Salt Rock Grill as a patron to have a meal or a drink at least two (2) to four (4) times per year and will continue that pattern of visits thereafter.

### Architectural Barriers at the Salt Rock Grill

21. The architectural barriers which Ms. Peters has encountered at the Salt Rock Grill include, without limitation, the following:

   A. The accessible parking spaces provided at the Salt Rock Grill are not located on the shortest route of travel to an accessible entrance, making it difficult for individuals using a wheelchair or scooter to avoid traveling behind parked automobiles while visiting the Salt Rock Grill.

   B. There are no handrails on the ramp at the main entrance ramp to the Salt Rock Grill, making it difficult for individuals using wheelchairs or scooters to enter the Salt Rock Grill.

   C. There is no ramp provided to the lower interior dining area in the Salt Rock Grill, making it difficult, if not impossible, for individuals using wheelchairs or scooters to access this area.

   D. The ramp located in the exterior water front dining area at the Salt Rock Grill does not have compliant hand rails, making it difficult for individuals using a wheelchair or scooter to access this area.

   E. The ramp located in the exterior cabana area at the Salt Rock Grill does not have compliant hand rails and is too steep, making it difficult for individuals using a wheelchair or scooter to access this area.

       F.       The bar counter in the exterior cabana area at the Salt Rock Grill is too high, making it difficult for individuals using a wheelchair or scooter to sit and use this area.

       G.       The floor space in the interior of the public restroom at the Salt Rock Grill is too narrow to provide adequate space for a person using a wheelchair or scooter to turn around, making it difficult, if not impossible, for individuals using a wheelchair or scooter to use these restrooms.

       H.       The flush control on the water closet in the public restroom at the Salt Rock Grill is mounted on the wall side rather than on the wide (open) side of the water closet, making it difficult for individuals using a wheelchair or scooter to use these restrooms.

       I.       There is no rear wall grab bar in the public restroom at the Salt Rock Grill, making it difficult for individuals using a wheelchair or scooter to use these restrooms.

## CAUSE OF ACTION

22.    Plaintiff Ms. Peters incorporates by reference and realleges each of the allegations contained in Paragraphs 1-21 of this Complaint with the same force and vigor as if set out here in full.

23.    On or about July 26, 1990, Congress enacted the ADA. See 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from the enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if a business has ten (10) or fewer employees and gross receipts of $500,000.00 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.    Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the Salt Rock Grill is a

place of public accommodation that is a restaurant serving food and drink and is open to the general public.

25. Defendants Indian Pass and Salt Rock Grill, Inc. have intentionally discriminated, and continue to so discriminate, against the Plaintiff - and others who are similarly situated - by: (1) denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations located at the Salt Rock Grill in derogation of 42 U.S.C. § 12182; and by (2) failing to remove certain architectural barriers on the premises as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

26. Ms. Peters has been, is and will continue to be denied access to and the benefit of, services available at the Salt Rock Grill since:

  A. Ms. Peters has a definite need and intention to return to the Salt Rock Grill as a patron in the future; and

  B. Ms. Peters will also seek to use the services and premises at the Salt Rock Grill in the future to ensure that this facility is in compliance with the ADA so that Ms. Peters and all other persons with disabilities will have full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Salt Rock Grill.

27. Ms. Peters has a realistic, credible, existing and continuing threat of discrimination from the Defendants' continuing violations of the ADA based on the violations set forth in this Complaint, and other violations not yet identified. Ms. Peters has a reasonable fear that she will continue to be discriminated against in violation of the ADA unless she is afforded injunctive relief by this Court.

28. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA in 28 C.F.R. Part 36.

29. Defendants Indian Pass and Salt Rock Grill, Inc. are in violation of 42 U.S.C. §§ 12181 *et seq*. and 28 C.F.R. §§ 36.302 *et seq*. and are discriminating against Plaintiff as a result of, *inter alia*, the following specific violations at the Salt Rock Grill:

**Violations at the Salt Rock Grill**

    A. Lack of accessible parking spaces in proper location;

    B. Lack of accessible hand rails on entrance ramp;

    C. Lack of accessible ramp to lower interior dining area;

    D. Lack of accessible hand rails on ramp to exterior water front dining area;

    E. Lack of accessible ramp and lack of hand rails on existing non-compliant ramp to exterior cabana area;

    F. Lack of accessible counter in cabana area;

    G. Lack of accessible restrooms due to a lack of adequate turning space, an improperly located flush control, and the lack of a rear grab bar; and

    H. Any other miscellaneous violations of the ADA and regulations promulgated pursuant thereto.

30. To date, the readily achievable barriers and other violations of Title III of the ADA still exist at the Salt Rock Grill and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

31. Plaintiff, Ms. Peters, has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay reasonable attorneys' fees, as well as

costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and expenses from Defendants Indian Pass and Salt Rock Grill, Inc. pursuant to 42 U.S.C. § 12205.

  32. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the Salt Rock Grill to make it readily accessible to, and useable by, her and other similarly situated individuals with disabilities to the extent required by the ADA, and/or closing the Salt Rock Grill until the requisite modifications are completed.

  33. Wherefore, Plaintiff respectfully requests that this Court grant the following injunctive and declaratory relief:

   A. Enter a declaratory judgment that by and through Defendants Indian Pass and Salt Rock Grill, Inc.'s ownership and/or operation of the real property and improvements located at 19325 Gulf Boulevard, Indian Shores, Florida 33785 and through their ownership and operation of public accommodations on that property (*i.e.*, the Salt Rock Grill), Defendants Indian Pass and Salt Rock Grill, Inc. have willfully and wrongfully violated their statutory obligations pursuant to Title III of the ADA and deprived Plaintiffs of their rights under the law, as alleged herein;

   B. Order Defendants Indian Pass and Salt Rock Grill, Inc. to alter the Salt Rock Grill to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

   C. Order Defendants Indian Pass and Salt Rock Grill, Inc. to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such

reasonable time so as to allow the Defendants to undertake and complete corrective procedures;

   D. Order Defendants Indian Pass and Salt Rock Grill, Inc. to expeditiously make all reasonable and appropriate modifications to their policies, practices and procedures; remove all architectural and communication barriers that are readily achievable, or take alternative readily achievable measures; and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise treated differently and discriminated against;

   E. Award reasonable attorneys' fees, costs (including expert's fees) and other expenses of suit, to Plaintiff Ms. Peters; and

   F. Award such other and further relief as the Court deems necessary, just and proper.

             Respectfully Submitted,

             THE LAW OFFICE OF
             WILLIAM J. MOORE, III, P.A.
             1648 Osceola Street
             Jacksonville, Florida 32204
             (904) 685-2172  (telephone)
             (904) 685-2175  (facsimile)

             s/William J. Moore, III
             William J. Moore, III
             Fla. Bar No. 0971812
             wmoore@wjmlaw.net
             Trial Counsel